IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY MICHAEL OLLER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JASON BRYANT, Warden, ) <br> ) <br> Respondent. ) | No. CIV-15-1076-W |

## ORDER

On December 23, 2015, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Anthony Michael Oller. Oller was advised of his right to object, and the matter now comes before the Court on Oller's Objection to Report and Recommendation. See Doc. 15.

On January 22, 2013, Mary Beth Ward was struck and run over by a pickup truck. Oller, who already had two prior felony convictions, was charged in her death by information filed in the District Court for Garfield County, Oklahoma, on January 29, 2013, with Manslaughter–First Degree, 21 O.S. § 711 (Count 1), Leaving Scene of Fatality Accident, 47 O.S. § 10-102.1 (Count 2) and Driving with License Revoked, Subsequent Offense, id. § 6-303(B) (Count 3). State v. Oller, Case No. CF-2013-44. On October 25, 2013, Oller entered a plea of guilty without a plea agreement.

On April 28, 2014, following an unsuccessful attempt to withdraw that plea, Oller was sentenced to life imprisonment on Count 1, a ten (10)-year term of imprisonment on Count 2 and a one (1)-year term of imprisonment on Count 3, with all sentences to run

concurrently and consecutive to a revoked suspended sentence in State v. Oller, Case No. CF-2008-465 (possession of a controlled substance). See Original Record at 166. Oller was also ordered to pay restitution in the amount of $7,500.00. See id. at 169.

Oller's post-sentencing attempt to withdraw his guilty plea was likewise unsuccessful, and he appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). In a Summary Opinion issued on February 10, 2015, the OCCA denied certiorari and affirmed the convictions and sentences. Oller v. State, Case No. C-2014-461 (Okla. Crim. 2015). The state court observed that its "[c]ertiorari review [was] . . . limited to whether the guilty plea was made knowingly and voluntarily, and whether the . . . [trial] court had jurisdiction to accept the plea." Id. slip op. at 3 (citation omitted).

In the instant Petition, Oller has raised the same five (5) grounds for relief that he presented to the OCCA:

Ground One: the trial court abused its discretion and deprived him of his right to due process guaranteed by the fourteenth amendment to the United States Constitution when it denied his request to withdraw his guilty plea since "there was an insufficient factual basis to support a finding of guilt for the [three] (3) offenses with which [he was] charged," Doc. 1 at 6;

Ground Two: his plea "was obtained through ignorance, inadvertence and misunderstanding especially as it relates to the imposition of restitution and/or victim's compensation assessment and was therefore not knowingly and voluntarily entered," id. at 8;

2

Ground Three: the trial court abused its discretion and deprived him of certain constitutional rights when it denied him the opportunity to withdraw his guilty plea prior to judgment;

Ground Four: because "[h]e was pressured to plea[d] by both the State and his own defense counsel," id. at 11, his guilty plea "was coerced and resulted from ignorance, inadvertence, and misunderstanding [and] [t]herefore was not knowingly and voluntarily entered[,]" id.; and

Ground Five: he was denied effective assistance of retained counsel when he entered his plea of guilty and denied effective assistance of appointed counsel during the proceedings when his request to withdraw guilty plea was heard.

Because Oller's claims were presented to, and denied by, the OCCA,[1] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits this Court to grant habeas relief on these same claims only if the OCCA's adjudication of those claims was either "contrary to, or involved an unreasonable application of, clearly established

---

[1]The OCCA found
(1) as to Proposition I, not only that it had been waived since Oller had not challenged the factual basis for his plea, but also that no plain error had occurred because Oller had stipulated to the accuracy of the allegations in the probable cause affidavit on which the charges against him were predicated;
(2) as to Proposition II, again not only that it had been waived since Oller had not challenged the trial court's imposition of restitution or claimed that any financial obligations had influenced his decision to plead guilty, but also that no error, plain or otherwise, had occurred;
(3) as to Proposition III, that the trial court had twice heard Oller's request to withdraw his plea and that based upon the testimony at those hearings, the trial court had not abused its discretion in denying Oller's requests;
(4) as to Proposition IV, that Oller's "plea appears to have been a reasonable strategic choice among his alternatives," Oller v. State, Case No. C-2014-461, slip op. at 4 (Okla. Crim. 2015)(citation omitted), and that his "plea[ ] . . . [was a] free and voluntary act[,]" id. (citation omitted); and
(5) as to Proposition V, that the record did "not raise a strong possibility that either of [Oller's] . . . attorneys were deficient." Id.

3

Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

The Court's review under AEDPA is deferential, e.g., Ryder ex rel. Ryder v. Warrior, 2016 WL 106165 *10 (10th Cir. 2016), and upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggestion that the OCCA's rejection of Oller's claims was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent. The Court likewise agrees with Magistrate Judge Purcell's determination that Oller is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim raised in Ground Five in his Petition.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 14] issued on December 23, 2015;

(2) DENIES Oller's Petition [Doc. 1] file-stamped September 28, 2015, and his Motion for Evidentiary Hearing on Sixth Amendment Claims [Doc. 2] file-stamped that same date; and

(3) ORDERS that judgment issue forthwith.

ENTERED this 19th day of January, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE